IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**GREGORY SCOTT HILLHOUSE, #107282**                                    **PLAINTIFF**

**VERSUS**                                            **CIVIL ACTION NO.  3:11-cv-101-DPJ-FKB**

**JAMES SPANN, et al.**                                                      **DEFENDANTS**

**ORDER**

     BEFORE the Court is Plaintiff's Motion [7] for a preliminary injunction pursuant to Rule 65(a) of the Federal Rules of Civil Procedure.  Plaintiff, an inmate of the Mississippi Department of Corrections, filed this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983.  Plaintiff alleges that his life is in danger at every state prison.  As relief he is seeking "an order compelling the defendants to immediately transfer Plaintiff to the Sunflower County Jail."  Mot. [7] at 2.  As discussed below, the Court finds that Plaintiff's Motion should be denied.

     In order to receive a preliminary injunction, Plaintiff must prove (1) a substantial likelihood of success on the merits of his case; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) the threatened injury caused by the denial of the injunction outweighs any harm that will result if the injunction is issued; and (4) the injunction will not have an adverse affect on the public interest. *Ridgely v. FEMA*, 512 F.3d 727, 734 (5th Cir. 2008); *Women's Med. Ctr. v. Bell*, 248 F.3d 411, 418-20 (5th Cir. 2001).   Each of the requirements must be satisfied in order for a preliminary injunction to issue. *Enterprise Intern., Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985).

     Furthermore, "[a] preliminary injunction 'is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries a burden of persuasion.'" *Black Fire Fighters Ass'n v. City of Dallas, Texas*, 905 F.2d 63, 65 (5th Cir. 1990) (quoting

*Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985)).  The granting or denying of a motion for a preliminary injunction rests in the sound discretion of the trial court. *Lakedreams v. Taylor*, 932 F.2d 1103, 1107 (5th Cir. 1991) (citing *Apple Barrel Productions, Inc. v. Beard*, 730 F.2d 384, 386 (5th Cir. 1984)).  "The primary justification for applying this remedy is to preserve the court's ability to render a meaningful decision on the merits." *Canal Authority of State of Florida v. Callaway*, 489 F.2d 567, 573 (5th Cir. 1974).

The Court has evaluated Plaintiff's request in accordance with the above stated case law and finds that Plaintiff has failed to carry his burden of persuasion as to the required factors for a preliminary injunction.  This Court will be able to render a meaningful decision without issuing a preliminary injunction.  Therefore, Plaintiff's Motion will be denied without a hearing.

IT IS HEREBY ORDERED that Plaintiff's Motion [7] for a preliminary injunction is **denied**.

**SO ORDERED AND ADJUDGED** this the 27th day of April, 2011.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE