IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

GREGORY SCOTT HILLHOUSE                                              PLAINTIFF

VS.                                    CIVIL ACTION NO. 3:11cv101-DPJ-FKB

JAMES SPANN, et al.                                             DEFENDANTS

## **REPORT AND RECOMMENDATION**

      Plaintiff, a state inmate, brought this action pursuant to § 1983 alleging that his constitutional rights were violated when two prison officers--Defendants James Spann and Eric Lacey--extorted money from him in exchange for protection from inmate assaults. Presently before the Court are Plaintiff's motions for default judgment as to James Spann and Eric Lacey [52, 54 and 65]. For the reasons stated herein, the undersigned recommends that the motions be denied as to Defendant Lacey and that Defendant Spann be given an opportunity to respond to the motions seeking default against him.

      The docket does not indicate unequivocally that Defendant Lacey has been served with process. Although the word "served" is circled on the return at docket no. 37, the return also bears a written note stating that Ms. Catherine Lacey, the person who was presumably at the residence, told the U.S. Marshal that Defendant did not live at that address and that she was not authorized to accept service on his behalf. For this reason, the undersigned concludes that entry of a default judgment is not appropriate and that the entry of default against Defendant Lacey [45] should be set aside.

      Defendant Spann was served with process on May 17, 2011, and has not filed an answer or other response to the Complaint. An entry of his default was made by the Clerk on October 11, 2011 [4]. Subsequently, however, Spann filed a motion for appointment of

counsel [53]. Thus, because Spann has appeared in this action, the undersigned recommends that he be provided with a copy of the motions for default judgment and be given a chance to respond. *See* Fed. R. Civ. P. 55(b)(2).

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. §636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 27th day of June, 2012.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE