IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

GREGORY SCOTT HILLHOUSE                                                      PLAINTIFF

VS.                                          CIVIL ACTION NO. 3:11cv101-DPJ-FKB

JAMES SPANN, et al.                                                         DEFENDANTS

## REPORT AND RECOMMENDATION

Plaintiff, formerly a state inmate, brought this action pursuant to 42 U.S.C. § 1983 alleging that two prison guards, James Spann and Eric Lacey, extorted money from him in exchange for protection from other inmates while he was incarcerated at Central Mississippi Correctional Facility (CMCF).   Named as defendants, in addition to Spann and Lacey, are Christopher Epps, Commissioner of the Mississippi Department of Corrections (MDOC); Deputy Commissioner Emmitt Sparkman; and Margaret Bingham, the former superintendent of CMCF (the MDOC defendants).  Presently before the Court are the MDOC defendants' motion for summary judgment and Plaintiff's motion for partial summary judgment.  Having considered the motions, along with the competent summary judgment evidence of record, the undersigned recommends that the motion of the MDOC defendants be granted and that Plaintiff's motion be denied.

The facts as alleged by Hillhouse are as follows.  In November of 2010, while Plaintiff was housed at CMCF, Spann and Lacey instigated an assault of Plaintiff by gang members and then extorted money from Plaintiff in exchange for protection from further assaults.  Plaintiff's family members paid several hundred dollars pursuant to the demands of Spann and Lacey.   On January 18, 2011, Plaintiff wrote a letter to Bingham stating that he was being forced to pay for protection, and on that same day, he was

transferred to South Mississippi Correctional Institute (SMCI). Thereafter, he continued to complain that he was still in danger because Spann and Lacey could order assaults by gang members at any MDOC institution. He sent a letter to Defendant Sparkman asking that he be allowed to submit an ARP grievance directly to Commissioner Epps pursuant to the "sensitive issue" process. In the proposed grievance, Plaintiff stated his belief that he was in continuing danger from attacks by gang members as long as he was housed in any state facility, and he requested to be transferred to the Sunflower County Jail. Defendant Sparkman responded to the request by stating it did not meet the requirements for a sensitive issue ARP and that Plaintiff should submit his grievance as a regular ARP. However, Sparkman also stated in his response that he was forwarding copies of the grievance to the SMCI Corrections Investigation Division (CID) and to the superintendent of SMCI for appropriate action. Plaintiff then apparently filed his grievance through the regular process. It was denied at steps one and two on the basis that Plaintiff was no longer housed at CMCF where the alleged threats and extortion occurred; the step two response was signed by Defendant Bingham. According to Plaintiff, CID conducted an investigation, although there is no indication in the record as to its outcome, other than the fact that Spann and Lacey are no longer employed by MDOC.

The MDOC defendants argue that Plaintiff has failed to come forward with any evidence of personal involvement on their part in the extortion scheme or any other violation of Plaintiff's constitutional rights. The undersigned agrees that Plaintiff has not established any basis for holding the MDOC defendants liable. There is no respondeat superior liability under § 1983. *Monnell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691 (1978).

Rather, § 1983 liability requires a plaintiff to prove that a defendant directly participated in the denial of his constitutional rights.  *Goodman v. Harris Cnty.*, 571 F.3d 388, 395 (5th Cir. 2009).   Because Plaintiff lacks any proof of the MDOC defendants' participation in any constitutional violation, the undersigned recommends that they be dismissed.

Also before the Court is Plaintiff's motion for partial summary judgment against all defendants on the issue of liability.  The undersigned recommends that the motion be denied as to the MDOC defendants for the reasons set forth herein.  Defendant Lacey has not been served, and thus the undersigned recommends that the motion be denied as to him.  As to Defendant Spann, there is currently pending a motion for default judgment against him.  The undersigned recommends that the motion be denied as to Spann, without prejudice to Plaintiff's right to seek summary judgment against him should the motion for default judgment be denied.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 3rd day of July, 2012.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE