IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

GREGORY SCOTT HILLHOUSE                                         PLAINTIFF

VS.                                         CIVIL ACTION NO. 3:11cv101-DPJ-FKB

JAMES SPANN, et al.                                            DEFENDANTS

**REPORT AND RECOMMENDATION**

Gregory Scott Hillhouse filed this action pursuant to 42 U.S.C. § 1983 alleging that in 2010, while he was a state inmate, two prison officers--Defendants James Spann and Eric Lacey--extorted money from him in exchange for protection from inmate assaults. Previously, the Court denied Plaintiff's motions for a default judgment against Spann and Lacey. Furthermore, the Court construed Spann's filings as a request that the case against him be dismissed. One of these filings by Spann, dkt. no. 71, was docketed as a motion to dismiss and is currently pending. The undersigned has examined all of the relevant filings by Spann [dkt. nos. 53, 71, and 75] and concludes that Spann has failed to establish that he is entitled to dismissal or judgment as a matter of law. Rather, his filings merely create a factual issue as to whether Spann extorted money from Plaintiff. Therefore, the undersigned recommends that Spann's request for dismissal be denied.

In a report and recommendation dated June 27, 2012 [69], the undersigned recommended that default judgment be denied as to Defendant Lacey because the record did not unequivocally establish that he had been served with process. On July 23, 2012, the Court adopted the report and recommendation [73]. Since that date, Plaintiff has taken no steps to perfect service of process on Lacey. Accordingly, the undersigned recommends that Lacey be dismissed pursuant to Fed. R. Civ. Proc. 4(m).

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. §636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 10th day of April, 2013.

/s/ F. Keith Ball<br>
UNITED STATES MAGISTRATE JUDGE