IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

GREGORY SCOTT HILLHOUSE  PLAINTIFF

VS.  CIVIL ACTION NO. 3:11cv101-DPJ-FKB

JAMES SPANN  DEFENDANT

## REPORT AND RECOMMENDATION

Gregory Scott Hillhouse brought this action pursuant to 42 U.S.C. § 1983 alleging that in 2010, while he was a state inmate, two prison officers, including Defendant James Spann, extorted money from him in exchange for protection from inmate assaults. For the reasons set forth below, the undersigned recommends that this matter be dismissed for failure to state a claim.

Plaintiff was an inmate when he filed this action and is proceeding *in forma pauperis*. Thus, this action is governed by the Prison Litigation Reform Act, and, specifically, by the provisions therein which provide that a court shall dismiss an action at any time if it determines that the action fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). This is such a case. It is well-settled that random and unauthorized intentional deprivations of property by state officials do not violate the constitution if adequate post-deprivation remedies exist. *Hudson v. Palmer*, 468 U.S. 517 (1984). Mississippi common law provides adequate remedies for the taking of personal property. *Nickens v. Melton*, 38 F.3d 183, 185 (5th Cir. 1994). In *Seay v. Hutto*, 483 Fed. Appx. 900 (5th Cir. 2012), the Fifth Circuit applied this rule, known as the

*Parratt/Hudson*[1] doctrine, to an action in which a prisoner sought recovery from prison officials who had extorted money from him in exchange for protection from prison gangs. The court affirmed dismissal of the action, holding that no constitutional claim had been stated. So here, Plaintiff's allegations fail to state a claim for a constitutional violation and must therefore be dismissed.

    For this reason, the undersigned recommends that this action be dismissed with prejudice. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. §636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    Respectfully submitted, this the 17th day of October, 2013.

                                          /s/ F. Keith Ball
                                          UNITED STATES MAGISTRATE JUDGE

---

[1] *Hudson v. Palmer*, 468 U.S. 517 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986).